UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL EDWARDS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-1217 |
| JERRY DRONENBERG, et.al., | ) |
| Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for a telephone merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a *pro se* prisoner, filed his lawsuit pursuant to 28 U.S.C. §1983 claiming his constitutional rights were violated at Pontiac Correctional Center by the Illinois Department of Corrections (IDOC) Director S.A. Godinez, Warden Randy Pfister, Lieutenant K. Skeens and Correctional Officer Jerry Dronenberg. It is difficult to discern the plaintiff's intended claims from his complaint and he did little to clarify those claims during the merit review hearing.

The plaintiff claims defendant Dronenberg has repeatedly made sexually harassing comments to him. When asked to clarify what kind of comments were made, the plaintiff stated only that the officer commented on the way his clothes fit. Courts have "generally found that isolated incidents of harassment involving verbal harassment and even touching do not rise to the level of a constitutional violation." *McGee v Wright*, 2008 WL 109386 at 2 (C.D.Ill Jan. 9, 2008) *citations omitted.; see also Fields v Maue*, 2013 WL 500823 at 3 (S.D.Ill. Feb. 11, 2013)("Verbal threats, harassment, and intimidating comments…do not rise to the level of a constitutional violation.") *Fields v Maue*, 2013 WL 500823 at 3 (S.D.Ill. Feb. 11, 2013); *Dewalt v Carter*, 224 F.3d 607, 612 (7th Cir. 2000)("Standing alone, simply verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

The plaintiff then claims defendant Dronenberg banned him from church

services and the choir as a "favor" to another inmate. (Comp., p. 6). While not commendable, this claim also does not rise to the level of a constitutional violation.

The plaintiff says he then wrote a grievance complaining about the comments defendant Dronenberg had made to him. In response, the plaintiff says Internal Affairs Officer Jeremy Olson wrote a disciplinary ticket against him at the direction of defendant Lieutenant Skeens. The plaintiff appears to claim the ticket was written in retaliation for his complaints about defendant Dronenberg. The ticket was later expunged. The plaintiff has articulated a retaliation claim against defendants Olson and Skeens. However, he has not named Olson as a defendant and therefore the court will direct the clerk to add Olson to the list of defendants.

The plaintiff has not articulated a claim against any other defendant. A defendant cannot be held liable under 42 USC §1983 unless a plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v Goode*, 423 U.S. 362, 271 (1976). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of respondeat superior (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). The plaintiff has not articulated any involvement by Warden Pfister or IDOC Director Godinez and therefore the court will dismiss both defendants.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the plaintiff alleges defendants Olson and Skeens violated his First Amendment rights when they wrote a disciplinary ticket against him in retaliation for his complaints about another officer. The claim is stated against the defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for defendants before filing any motions, in order to give defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from service to file an answer. If the defendants have not filed answers or appeared through

counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth the defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a defendant, the plaintiff need not send copies of his filings to that defendant or to that defendant's counsel. Instead, the Clerk will file the plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on defendants pursuant to Local Rule 5.3. If electronic service on defendants is not available, plaintiff will be notified and instructed accordingly.

7) Counsel for the defendants is hereby granted leave to depose plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8) The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:

1) Add defendant Internal Affairs Officer Jeremy Olson to the lawsuit;

2) Dismiss defendants Godinez, Pfister and Dronenberg for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A;

3) Attempt service on defendants Olson and Skeens pursuant to the standard procedures; and

4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.

Lastly, it is ordered that if a defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

ENTERED: August 13, 2014

FOR THE COURT:

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE